[Cite as *State v. Hall*, 2020-Ohio-2937.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | | Hon. Craig R. Baldwin, J. |
| | : | | Hon. Earle E. Wise, J. |
| -vs- | : | | |
| | : | | |
| MALIK HALL, | : | | Case No. 2019CA00134 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Stark County Court
                                  of Common Pleas, Case No. 2019-
                                  CR-0571


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 May 13, 2020


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                           BARRY T. WAKSER
Prosecuting Attorney                      Stark County Public Defender Office
                                          201 Cleveland Ave. SW, Suite 104
By: KRISTINE W. BEARD                     Canton, Ohio 44702
Assistant Prosecuting Attorney
110 Central Plaza South, Suite 510
Canton, Ohio 44702

*Baldwin, J.*

{¶1} Defendant-appellant Malik Hall appeals from the denial by the Stark County Court of Common Pleas of his Motion to Suppress. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On April 9, 2019, the Stark County Grand Jury indicated appellant on one count of trafficking in cocaine in violation of R.C. 2925.03(A)(2)(C)(4)(a), a felony of the fifth degree, and one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(a), also a felony of the fifth degree. At his arraignment on April 12, 2019, appellant entered a plea of not guilty to the charges.

{¶3} Thereafter, on May 22, 2019, appellant filed a Motion to Suppress, arguing that the pat down and search of his person were not proper.   A hearing on appellant's motion was held on May 30, 2019.

{¶4} At the hearing, Officer Joseph Bays of the Canton Police Department testified that he was working the midnight shift on May 18, 2019 with Officer Szaniszlo in a single patrol car. The two were working in the downtown area. At approximately 2:00 a.m., they observed appellant walking southbound in the middle of the road. The City of Canton has an ordinance stating that if there is a sidewalk available, a person should walk on the sidewalk or it is a minor misdemeanor. When the officers got closer to appellant, they observed what appeared to be a handgun in his right hand. They then exited the cruiser and advised appellant to drop the weapon. Appellant told the officers that it was a toy and threw it on the ground.

{¶5} Officer Bays testified that once they got out of the cruiser, he recognized appellant as Malik Hall. He testified that in 2014 or 2015, he had had a drug investigation

at appellant's residence and executed a search warrant on the same. Officer Bays then handcuffed appellant and began patting him down for other weapons. He testified that the gun appellant had in his hand was composed of parts of a toy firearm and that he considered appellant's prior history, prior criminal record, the time of night and the high crime area that they were in in determining whether or not appellant might be armed.

{¶6} During the pat down, Officer Bays "felt what appeared to be a cellophane wrapper with a lump in it" in the change pocket in appellant's pants. Transcript at 13. He testified that, based on his experience, he believed it to be crack cocaine. Officer Bays then took the wrapper out of appellant's pocket and it appeared to him to be crack cocaine. Appellant told him that it was fake and that he was going to sell it and make money. Appellant was then arrested. A field test of the suspected crack cocaine came back positive. The Stark County Crime Lab later determined that it was .25 grams of cocaine base.

{¶7} On cross-examination, Officer Bays testified that he thought that he handcuffed appellant before determining that the gun was not real but patted him down after realizing that it was not real. The gun, he testified, was a toy. When asked, the Officer agreed that in his encounters with appellant, he had not found him to be armed and that only a toy gun was found during execution of the search warrant of appellant's house in 2014 or 2015.

{¶8} When questioned by the trial court, Officer Bays testified that the basis for the initial stop was to ticket or at least approach appellant and investigate and potentially ticket appellant for walking in the roadway.

{¶9}   Appellant's counsel informed the court that he did not dispute that the officer had a right to stop appellant, but argued that he did not have a right to to pat him down. He argued that there was not reasonable suspicion that appellant was armed that night. The trial court overruled the Motion to Suppress on the record. A Judgment Entry overruling the Motion to Suppress was filed on June 3, 2019.

{¶10}  Subsequently, on June 5, 2019, appellant withdrew his former not guilty plea and entered a plea of no contest to the charges. The trial court found appellant guilty of the charges. As memorialized a Judgment Entry filed on July 26, 2019, appellant was sentenced to three years of community control.

{¶11}  Appellant now appeals, raising the following assignment of error on appeal:

{¶12}  "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS."

I

{¶13}  Appellant, in his sole assignment of error, argues that the trial court erred in overruling his Motion to Suppress. We disagree.

{¶14}  Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court

must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

{¶15} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. *See State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *See Williams, supra*. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96,620 N.E.2d 906 (8th Dist.1994).

{¶16} When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility of witnesses. *State v. Pullin*, 5th Dist. Stark No. 2019CA00105, 2020-Ohio-787, ¶ 9 citing *State v. Dunlap*, 73 Ohio St.3d 308, 314, 1995-Ohio-243, 652 N.E.2d 988; *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982).

{¶17} Appellant does not dispute that the officers were entitled to stop and detain appellant, but specifically challenges the trial court's finding that the pat down search of appellant was justified.

{¶18} In the instant case, appellant was subjected to a pat-down. The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution prohibit the government from conducting unreasonable searches and seizures of persons or their property. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Even without probable cause, however, a police officer may stop an individual and investigate unusual behavior when the officer reasonably concludes that the individual is engaged in criminal activity. *Terry,* supra. *Terry* requires that before stopping an individual, the officer must have specific and articulable facts which, taken together with rational inferences from those facts, reasonably leads the officer to conclude that the individual is engaged in criminal activity. *Id.* at 21. In determining whether an officer's beliefs are reasonable, a court must consider the totality of the circumstances involved. *State v. Bobo*, 37 Ohio St.3d 177, 180, 524 N.E.2d 489 (1988).

{¶19} The issue posed by this case is whether the officers had a reasonable fear for their safety before patting appellant down. The authority to conduct a pat down search does not flow automatically from a lawful stop and a separate inquiry is required. *Terry,* supra, at 30. The Fourth Amendment requires an officer to have a "reasonable fear for his own or others' safety" before frisking. *Id.* Specifically, "[t]he officer ... must be able to articulate something more than an 'inchoate and unparticularized suspicion or hunch.' " *United States v. Sokolow,* 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989), citing *Terry,* supra, 392 U.S. at 27. Whether that standard is met must be determined from the

standpoint of an objectively reasonable police officer, without reference to the actual motivations of the individual officers involved. *United States v. Hill,* 131 F.3d 1056, 1059 (D.C.Cir.1997).

{¶20} In the case sub judice, the trial court stated, in relevant part, in overruling the Motion to Suppress:

{¶21} Certainly I believe that an individual that is armed while walking down the roadway, while the initial intent might have been to cite for walking in the roadway, once they believed him to be armed, further detention I think is warranted at that point.

{¶22} The officer testified that he did place him in handcuffs and then determined that the item that had been tossed was not in fact real.

{¶23} However, at that juncture I believe it to be reasonable to investigate as to what is actually going on and whether or not there is in fact criminal activity afoot at that particular juncture.

{¶24} It was a brief detention and certainly for the officers' safety being able to pat an individual down who had just tossed an item, albeit not real but an item that could be viewed as a weapon I think is certainly reasonable.

{¶25} And I think really had he not even had that in any investigative stop I believe it should be - - or I shouldn't say any but in most situations I believe it to be reasonable given the time of night, the area, his knowledge of the Defendant and his history to certainly - - to pat down for safety.

{¶26} Transcript at 28-29.

{¶27} We find that the trial court did not err in denying appellant's Motion to Suppress because the officers had a reasonable fear for their safety before patting

appellant down. Appellant was walking in the middle of the street, which is a minor misdemeanor, at 2:00 a.m. in a high crime neighborhood with what was later determined to be a toy gun in his hand. Officer Bays testified that he recognized appellant since, in 2014 or 2015, he had a drug investigation at appellant's residence and executed a search warrant at the same. We concur with appellee that this "would give an officer a reason to believe that there may be additional weapons on this particular person, combined with the officer's prior knowledge of drug trafficking and drug possession of this defendant." Transcript at 25.

{¶28} Appellant's sole assignment of error is, therefore, overruled.

{¶29} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, Earle, J. concur.